UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MICHAEL GRESHAM,

        Plaintiff,                        Case No. 1:22-cv-1048

v.                                              Honorable Paul L. Maloney

ROBERT M. CROMPTON et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute allows an exception only where a prisoner is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least eight of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr.* et al., No. 2:07-cv-241 (W.D. Mich. June 9, 2008). Plaintiff has plainly accrued three strikes.

Plaintiff also has been denied leave to proceed *in forma pauperis* in no less that twenty-seven cases. *See Gresham v. Grahn*, No. 1:21-cv-214, 2021 WL 972811 (W.D. Mich. Mar. 16, 2021); *Gresham v. Gauderer*, No. 1:19-cv-802 (W.D. Mich. Nov. 15, 2019); *Gresham v. Falk*, No. 2:19-cv-161 (W.D. Mich. Oct. 10, 2019); *Gresham v. Meden*, No. 2:18-cv-8 (W.D. Mich. June 7, 2018); *Gresham v. Miniard*, No. 1:16-cv-427 (W.D. Mich. June 7, 2016); *Gresham v. Christiansen*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016); *Gresham v. Austin*, 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham v. Jenkins*, No. 2:15-cv-11640, 2015 WL 3403942 (E.D. Mich. May 26, 2015); *Gresham v. Yunker*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham v. Napel*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Romanowsky,* No. 2:12-cv-15489 (E.D. Mich. May 10, 2013); *Gresham v. Johnson,* No. 2:13-cv-10351, 2013 WL 1703897 (E.D. Mich. April 19, 2013); *Gresham v. Romanowski,* No. 2:12-cv-14881 (E.D. Mich. January 7, 2013); *Gresham v. Prelesnik*, No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop*, No. 1:12-cv-494, 2012 WL 2317558 (W.D.

Mich. June 18, 2012); *Gresham v. Heyns*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder*, No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler*, No. 2:12-cv-12 (W.D. Mich. Apr. 20, 2012); *Gresham v. Snyder*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler*, No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. Violetta*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. LaChance*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis v. Canlis*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996. Clearly, Plaintiff can only proceed *in forma pauperis* if he is under imminent danger of serious physical injury, which he contends that he is.

The Sixth Circuit has set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at

492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

As in his 2021 lawsuit of *Gresham v. Grahn*, concerning a separate MDOC divisional location, Plaintiff claims that he suffers from an untreated umbilical hernia and a left inguinal hernia that both require surgical treatment. (ECF No. 1, PageID.4.); *see Grahn*, 2021 WL 972811, at *3. Plaintiff claims that the hernias prolapse and "bulge out" and that Plaintiff suffers from blood in his urine and stool, nausea and vomiting, and testicular and abdominal pain. (ECF No. 1, PageID.4.) Plaintiff asserts that Defendants denied Plaintiff surgery for his hernias because he files grievances and lawsuits. (*Id.*, PageID.5.).

Plaintiff includes copies of grievances and grievance responses to his complaint. (ECF No. 1-1.) On September 29, 2022, Defendant Gilbert responded to a step II grievance appeal by stating:

> Grievant claims that he has been denied adequate treatment for umbilical and inguinal hernias. Grievant states "I have left inguinal hernia/umbilical hernia that cause pain on a scale of 1-10 is at 9 ½ to 10. Both hernias prolapse and bulge out. I put in multiple medical kites and many of them where not answered upon my arrival and months at ECF and told I will not get surgery."
>
> Review of the prisoner health record reveals that grievant was seen by the medical provider on 08/30/2022 for chronic care and per documentation no hernias noted. At said visit abdominal assessment notes soft, non-tender on palpation. Per documentation a kite was received from grievant on 09/04/2022 re: medication administration times and complaint of pain from inguinal and umbilical hernias and inquiring about surgery. Grievant was informed that if he wishes to be seen by nursing for evaluation to submit a health care request. Grievant sent a health care request on 10/08/2022 re: hernias. Grievant was informed that a nursing

> appointment would be scheduled. Grievance was seen by nursing on 10/10/2022. Per documentation hernias were not noted at that time and no pain at that time. Grievant was educated by nursing on hernias and grievant to kite as needed if his hernias do not reduce and cause extreme pain or cause issues with bowels.
>
> While grievant's concern re: his symptoms is acknowledged and understood, his claim is not supported. He has been evaluated and treated as deemed appropriate based on his past medical history and current clinical presentation. Grievant is encouraged to discuss his symptoms and concerns with the provider at his scheduled visits, to follow the plan of care as instructed, and to promptly notify Health Care if he experiences acute adverse symptoms in future and/or if he has any further concerns re: chronic symptoms or issues.

(ECF No. 1-1, PageID.14.)

The Court in *Grahn* credited similar medical records attached to Plaintiff's complaint in determining that Plaintiff's hernias did not pose an imminently serious risk to Plaintiff's health. *Grahn*, 2021 WL 972811, at *4. Therefore, the Court in that case prohibited Plaintiff from proceeding *in forma pauperis*. *Id.*; *see also Jenkins*, 2015 WL 3403942, at *3 (denying Plaintiff leave to proceed *in forma pauperis* because his health claims, including hernias, did not present an imminent danger of serious physical injury); *Czop*, 2012 WL 2317558, at *5 (same).

In an apparent effort to avoid a similar result in the present action, Plaintiff asserts that his medical records have been falsified by Defendants. (ECF No. 1, PageID.4–5.) However, even taking this allegation as true and disregarding Plaintiff's medical records entirely, Plaintiff cannot satisfy the "imminent danger" exception.

> While reviewing allegations a previous case filed by Plaintiff, the Sixth Circuit articulated the pertinent standard: "[a] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Id.* at 850. For example, "impending 'amputations and potential[ ] coma or death'" satisfy the exception. [*Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019] (quoting *Vandiver*, 727 F.3d at 587). However, pointing to a similar line that the Seventh Circuit has drawn, "temporary breathing struggles" are not serious enough. *Id.* (citing *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017)).

6

*Grahn*, 2021 WL 972811, at *4. The Sixth Circuit, in *Gresham v. Meden*, concluded that Plaintiff's allegations of "[c]hest pains, muscular restlessness, seizures, vomiting, stomach cramps, and dizziness" did not meet the exception to the PLRA's three-strikes rule. 938 F.3d at 850. The Sixth Circuit noted that, while the Court could "hypothesize scenarios in which some of Gresham's symptoms could lead to a 'serious physical injury,'" the Court would not "speculate about risks and injuries that Gresham could have alleged but did not." *Id*. (citation omitted).

Here too, although there may be hypothetical situations in which untreated hernias lead to death or severe bodily harm, (*see* ECF No. 1, PageID.4), Plaintiff does not plead facts to plausibly suggest the same, nor could he, given Plaintiff's vast history of filings with this Court. As discussed above, threats of harm caused by untreated hernias have been Plaintiff's "go to" allegation in an attempt to avoid the "three strike" consequence of previously filing meritless lawsuits. Courts have concluded, on at least three occasions, that similar allegations by Plaintiff were insufficient to demonstrate imminent danger. *Grahn*, 2021 WL 972811, at *4; *Jenkins*, 2015 WL 3403942, at *3; *Czop*, 2012 WL 2317558, at *5.

And indeed, it appears that Plaintiff has experienced the two hernias described in the complaint since at least 2010. *See Gresham v. Corr. Med. Servs., Inc.*, No. 1:09-cv-392, 2010 WL 3385355, at *1 (W.D. Mich. Aug. 25, 2010); *see also, e.g.*, *Gresham v. Falk*, No. 2:19-cv-161, 2019 WL 5078294, at *3 (W.D. Mich. Oct. 10, 2019); *Gresham v. Heidi E. Washington*, No. 1:15-cv-1067, 2016 WL 81696, at *2 (W.D. Mich. Jan. 6, 2016); *Gresham v. Napel*, No. 2:14-cv-253, 2015 WL 13744211, at *1 (W.D. Mich. Nov. 23, 2015), *report and recommendation adopted*, No. 2:14-cv-253, 2016 WL 589758 (W.D. Mich. Feb. 14, 2016); *Jenkins*, 2015 WL 3403942, at *3; *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126805, at *1 (W.D. Mich. June 11, 2012), *report and recommendation adopted*, No. 2:09-cv-231, 2012 WL 3126781 (W.D. Mich. July 31,

2012); *Gresham v. Makela*, No. 2:10-cv-197, 2011 WL 4560548, at *2 (W.D. Mich. Sept. 30, 2011). Reviewing the length of time that Plaintiff has experienced two allegedly untreated hernias, and the dearth of any factual allegations to show that Plaintiff has thus far experienced any serious resulting injury, the Court concludes that Plaintiff's condition is "described with insufficient facts and detail to establish that he is in danger of imminent physical injury . . ." *Rittner*, 290 F. App'x at 798 (footnote omitted). Based on Plaintiff's allegations, they are not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797). That is not to say that they are "ridiculous . . . baseless . . . fantastic –or delusional . . . irrational or wholly incredible." *Id*. They are simply insufficient.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated:  November 29, 2022                             /s/ Paul L. Maloney
                                                                                         Paul L. Maloney
                                                                                         Chief United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**